# EXHIBIT 2

A CERTIFIED COPY
ATTEST: 2/13/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Emma Munoz

FILED
TARRANT COUNTY
4/14/2021 11:10 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 067-324668-21

| | | |
|---|---|---|
| **KATHLYN CAROL BELLAU,** | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| **BIG LOTS STORES, INC.,** | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES KATHLYN CAROL BELLAU, Plaintiff in the above-entitled and numbered cause, and brings this suit against BIG LOTS STORES, INC. Defendant herein, and for cause of action shows the following:

### I.
### DISCOVERY

The Plaintiff intends that discovery in this case shall proceed as a Level 3 case pursuant to Rule 190.4 of the Texas Rules of Civil Procedure. Plaintiff requests that a Scheduling Order be entered. Currently the State of Texas is operating under various COVID guidelines and rules including an extension or abatement of the statute of limitations. Plaintiff pleads for all reasonable relief under all COVID rules.

### II.
### PARTIES

Plaintiff, KATHLYN CAROL BELLAU, is a resident of Tarrant County, Texas.

Defendant, BIG LOTS STORES, INC. is a corporation authorized and doing business in Texas. Defendant may be served with citation by serving Big Lots Stores Inc. located at 4900 E. Dublin Granville Road, Westerville, Ohio 43081-7651 by CERTIFIED MAIL, RETURN RECEIPT REQUESTED.

### III.


A CERTIFIED COPY
ATTEST: 05/13/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Emma Munoz

Case 4:21-cv-00683-O   Document 1-3   Filed 05/25/21   Page 3 of 14   PageID 19

## JURISDICTION AND VENUE

Plaintiff is seeking damages within the jurisdictional limits of the Court of not more than $500,000, based upon the information known at the time of this filing, however the amount of monetary relief actually awarded will ultimately be determined by the trier of fact.

Venue is proper in Tarrant County, Texas pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code, as Tarrant is the county where the incident happened and where Plaintiff resides.

## IV.
## Purpose of this Civil Action

This civil action is brought by the Plaintiff against the Defendant to seek justice and the purpose of exercising the Plaintiff's right to access to the courts under the Constitution and laws of the State of Texas:

1. To hold Defendant responsible and accountable for their wrongful conduct;

2. To seek and obtain fair, reasonable, and just compensation for her injuries and damages arising from the incident caused by the Defendant;

3. To seek and obtain an award of exemplary damages, if appropriate, against each of the Defendant as a civil penalty or by way of civil punishment for their wrongful conduct but not for compensatory purposes and that are neither economic damages nor noneconomic damages.

## V.
## NEGLIGENCE/PREMISES LIABILITY

On or about May 23, 2020, Plaintiff KATHLYN CAROL BELLAU was a patron of Big Lots! located at 6425 McCart Avenue, Fort Worth, Texas 76133 for the purpose of transacting business therein, and while in the business Plaintiff was caused to slip and fall upon the floor of the premises of the Defendant because of the negligence of the Defendant and their agents, servants and employees.  Such negligent acts and omissions were committed by the Defendants' agents, servants and employees while in the course and scope of their employment with said Defendant,


and each of which acts, singularly or collectively, was a proximate cause of the damages and injuries sustained by the Plaintiff. All of the following acts of negligence, committed on the part of the Defendants, its agents, servants and employees, occurred in Tarrant County, Texas, to-wit:

(a) In failing to inspect the floor area for dangerous conditions when they knew or should have known that it was unsafe for the patrons of the store;

(b) In failing to warn the patrons of the store, and the Plaintiff in particular, of such hazardous and dangerous condition;

(c) In failing to properly train and/or monitor employees;

(d) In failing to timely, clean or mop the dangerous condition;

(e) Failed to put up signs to warn patrons of the hazardous and dangerous condition;

(f) Provided or allowed to exist an unreasonably dangerous condition on the occasion in question during hours of business known by Defendant to be occupied and used by their patrons; and

(g) Failed to adequately warn the Plaintiff that the dangerous condition existed; and in other respects.

Each of the foregoing acts or omissions by Defendant, whether taken singly or in combination, was a proximate cause of Plaintiff's injuries and damages as more fully set out below.

Defendant was the owner occupier of the premises at the time of the occurrence where the Plaintiff was injured and the Defendant failed to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition that the Defendant knew about or in the exercise of ordinary care should have known about. The Defendants' conduct was a proximate cause of the Plaintiff's damages set forth herein.

The store manager failed to properly train employees to prevent the occurrence and investigate the occurrence.

At the time of the occurrence the Plaintiff was an invitee as defined by law.

## VI.
## PREMISE OWNER/CONTROL LIABILITY

Case 4:21-cv-00683-O   Document 1-3   Filed 05/25/21   Page 5 of 14   PageID 21

A CERTIFIED COPY
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Emma Munoz

Defendant was the owner occupier of the premises at the time of the occurrence where the Plaintiff was injured and the Defendant failed to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition, the walkway, that the Defendant created and knew about or in the exercise of ordinary care should have known about was unreasonably dangerous. The Defendant's negligent conduct was a proximate cause of the Plaintiff's damages set forth herein.

At the time of the occurrence, the Plaintiff was an invitee as defined by law.

## VII.
## DAMAGES

Plaintiff would show that as a direct and proximate result of the acts and/or omissions of negligence aforementioned, she was caused to suffer serious and permanent personal injuries to her body, all of which have caused her in the past, and will cause her in the future, physical pain, mental anguish, physical impairment, disfigurement, and medical and hospital expenses, for which she should be compensated in accordance with the laws of the State of Texas. The damages sought are within the jurisdictional limits of the Court, with a monetary relief of over $200,000 but under $1,000,000.

## VIII.
## RULE 28 DEMAND

Pursuant to Rule 28 of the Texas Rules of Civil Procedure, if some other individual(s), partnership(s), corporation(s), association(s), or business entity(s) of any type are owned and/or operated under the name or names of the above Defendant, Plaintiff hereby demands that the appropriate entity be substituted.

## IX.
## PLAINTIFF'S RULE 193.7 NOTICE TO DEFENDANT

Pursuant to Rule 193.7, this shall serve as notice that Plaintiff intends to use all documents

A CERTIFIED COPY
ATTEST: 05/13/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Emma Munoz

produced by Defendant during discovery, including but not limited to those in response to Plaintiff's Requests for Disclosure, Requests for Production of Documents, and Deposition Exhibits at any pretrial proceeding or trial of this cause

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein, and that upon final hearing hereof, Plaintiff have judgment against Defendants for all damages to which he is entitled under the laws of the State of Texas, which amount does not exceed the maximum jurisdictional limits of this Court; for pre-judgment interest in accordance with the law; for interest on the judgment; cost of suit; and for such other and further relief, either at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

*/s/ Robert Haslam*
ROBERT HASLAM
State Bar No. 09201900
The Haslam Firm
555 South Summit Avenue
Fort Worth, Texas 76104
817-332-3115 Telephone
817-332-3148 Facsimile
robert@hg555.com
carrie@hg555.com
ATTORNEYS FOR PLAINTIFF

A CERTIFIED COPY
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Emma Munoz

067-324668-21

FILED
TARRANT COUNTY
4/26/2021 10:06 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 067-324668-21

| | | |
|---|---|---|
| **KATHLYN CAROL BELLAU,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| v. | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **BIG LOTS STORES, INC.,** | § | |
| *Defendant.* | § | **67th JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES KATHLYN CAROL BELLAU, Plaintiff in the above-entitled and numbered cause, and brings this suit against BIG LOTS STORES, INC. Defendant herein, and for cause of action shows the following:

### I.
### DISCOVERY

The Plaintiff intends that discovery in this case shall proceed as a Level 3 case pursuant to Rule 190.4 of the Texas Rules of Civil Procedure. Plaintiff requests that a Scheduling Order be entered. Currently the State of Texas is operating under various COVID guidelines and rules including an extension or abatement of the statute of limitations. Plaintiff pleads for all reasonable relief under all COVID rules.

### II.
### PARTIES

Plaintiff, KATHLYN CAROL BELLAU, is a resident of Tarrant County, Texas.

Defendant, BIG LOTS STORES, INC. is a corporation authorized and doing business in Texas. Citation has been requested.

### III.
### JURISDICTION AND VENUE

Plaintiff is seeking damages within the jurisdictional limits of the Court of not more than

Case 4:21-cv-00683-O   Document 1-3   Filed 05/25/21   Page 8 of 14   PageID 24

A CERTIFIED COPY
ATTEST 05/13/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Emma Munoz

$500,000 based upon the information known at the time of this filing, however the amount of monetary relief actually awarded will ultimately be determined by the trier of fact.

Venue is proper in Tarrant County, Texas pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code, as Tarrant is the county where the incident happened and where Plaintiff resides.

## IV.
## Purpose of this Civil Action

This civil action is brought by the Plaintiff against the Defendant to seek justice and the purpose of exercising the Plaintiff's right to access to the courts under the Constitution and laws of the State of Texas:

1. To hold Defendant responsible and accountable for their wrongful conduct;

2. To seek and obtain fair, reasonable, and just compensation for her injuries and damages arising from the incident caused by the Defendant;

3. To seek and obtain an award of exemplary damages, if appropriate, against each of the Defendant as a civil penalty or by way of civil punishment for their wrongful conduct but not for compensatory purposes and that are neither economic damages nor noneconomic damages.

## V.
## NEGLIGENCE/PREMISES LIABILITY

On or about May 23, 2020, Plaintiff KATHLYN CAROL BELLAU was a patron of Big Lots! located at 6425 McCart Avenue, Fort Worth, Texas 76133 for the purpose of transacting business therein, and while in the business Plaintiff was caused to slip and fall upon the floor of the premises of the Defendant because of the negligence of the Defendant and their agents, servants and employees. Such negligent acts and omissions were committed by the Defendants' agents, servants and employees while in the course and scope of their employment with said Defendant, and each of which acts, singularly or collectively, was a proximate cause of the damages and injuries sustained by the Plaintiff. All of the following acts of negligence, committed on the part

Case 4:21-cv-00683-O   Document 1-3   Filed 05/25/21   Page 9 of 14   PageID 25

A CERTIFIED COPY
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Emma Munoz

of the Defendants, its agents, servants and employees, occurred in Tarrant County, Texas, to-wit:

(a) In failing to inspect the floor area for dangerous conditions when they knew or should have known that it was unsafe for the patrons of the store;

(b) In failing to warn the patrons of the store, and the Plaintiff in particular, of such hazardous and dangerous condition;

(c) In failing to properly train and/or monitor employees;

(d) In failing to timely, clean or mop the dangerous condition;

(e) Failed to put up signs to warn patrons of the hazardous and dangerous condition;

(f) Provided or allowed to exist an unreasonably dangerous condition on the occasion in question during hours of business known by Defendant to be occupied and used by their patrons; and

(g) Failed to adequately warn the Plaintiff that the dangerous condition existed; and in other respects.

Each of the foregoing acts or omissions by Defendant, whether taken singly or in combination, was a proximate cause of Plaintiff's injuries and damages as more fully set out below.

Defendant was the owner occupier of the premises at the time of the occurrence where the Plaintiff was injured and the Defendant failed to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition that the Defendant knew about or in the exercise of ordinary care should have known about. The Defendants' conduct was a proximate cause of the Plaintiff's damages set forth herein.

The store manager failed to properly train employees to prevent the occurrence and investigate the occurrence.

At the time of the occurrence the Plaintiff was an invitee as defined by law.

## VI.
## PREMISE OWNER/CONTROL LIABILITY

Defendant was the owner occupier of the premises at the time of the occurrence where the Plaintiff was injured and the Defendant failed to use ordinary care to reduce or eliminate an

Case 4:21-cv-00683-O   Document 1-3   Filed 05/25/21   Page 10 of 14   PageID 26

A CERTIFIED COPY
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Emma Munoz

unreasonable risk of harm created by a premises condition, the walkway, that the Defendant created and knew about or in the exercise of ordinary care should have known about was unreasonably dangerous. The Defendant's negligent conduct was a proximate cause of the Plaintiff's damages set forth herein.

At the time of the occurrence, the Plaintiff was an invitee as defined by law.

## VII.
## DAMAGES

Plaintiff would show that as a direct and proximate result of the acts and/or omissions of negligence aforementioned, she was caused to suffer serious and permanent personal injuries to her body, all of which have caused her in the past, and will cause her in the future, physical pain, mental anguish, physical impairment, disfigurement, loss of earning capacity, and medical and hospital expenses, for which she should be compensated in accordance with the laws of the State of Texas. The damages sought are within the jurisdictional limits of the Court, with a monetary relief of over $200,000 but under $1,000,000.

## VIII.
## RULE 28 DEMAND

Pursuant to Rule 28 of the Texas Rules of Civil Procedure, if some other individual(s), partnership(s), corporation(s), association(s), or business entity(s) of any type are owned and/or operated under the name or names of the above Defendant, Plaintiff hereby demands that the appropriate entity be substituted.

## IX.
## PLAINTIFF'S RULE 193.7 NOTICE TO DEFENDANT

Pursuant to Rule 193.7, this shall serve as notice that Plaintiff intends to use all documents produced by Defendant during discovery, including but not limited to those in response to Plaintiff's Requests for Disclosure, Requests for Production of Documents, and Deposition



Exhibits at any pretrial proceeding or trial of this cause.

# X.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein, and that upon final hearing hereof, Plaintiff have judgment against Defendants for all damages to which he is entitled under the laws of the State of Texas, which amount does not exceed the maximum jurisdictional limits of this Court; for pre-judgment interest in accordance with the law; for interest on the judgment; cost of suit; and for such other and further relief, either at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

*/s/ Robert Haslam*
ROBERT HASLAM
State Bar No. 09201900
The Haslam Firm
555 South Summit Avenue
Fort Worth, Texas 76104
817-332-3115 Telephone
817-332-3148 Facsimile
robert@hg555.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above document was served on each attorney of record or party in accordance with Rule 21a of the Texas Rules of Civil Procedure on April 26, 2021.

*/s/ Robert Haslam*
ROBERT HASLAM

A CERTIFIED COPY
ATTEST: 05/13/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Emma Munoz

067-324668-21

FILED
TARRANT COUNTY
5/13/2021 2:53 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 067-324668-21

| | | |
|---|---|---|
| KATHLYN CAROL BELLAU, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | 67TH JUDICIAL DISTRICT |
| | § | |
| BIG LOTS STORES, INC., | § | |
| | § | |
| *Defendants*. | § | TARRANT COUNTY, TEXAS |

## DEFENDANT BIG LOTS STORES, INC. ORIGINAL ANSWER

COMES NOW, BIG LOTS STORES, INC., one of the Defendants herein, and files its Original Answer as follows:

### I. GENERAL DENIAL

Defendant denies each and every, all and singular, material allegations contained within Plaintiffs' pleadings and any amendments or supplements thereto and demands strict proof thereof in accordance with the Texas Rules of Civil Procedure.

### II. JURY DEMAND

In accordance with Rule 21 6 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant demands a trial by jury.

### III. 193.7 NOTICE

Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby gives actual notes to Plaintiff that any and all documents produced by Plaintiff may be used against Plaintiff at any pretrial proceeding or at the trial of this matter without the necessity of authenticating the documents.



A CERTIFIED COPY
ATTEST: 05/13/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Emma Munoz

**WHEREFORE, PREMISES CONSIDERED**, BIG LOTS STORES, INC. prays that Plaintiff take nothing by this suit, that Plaintiff be required to pay Defendant's costs, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**MAYER LLP**
750 N. St. Paul Street, Suite 700
Dallas, Texas 75201
214.379.6900 / Fax 214.379.6939

By: ___/s/ *Zach T. Mayer*___
    Zach T. Mayer
    State Bar No. 24013118
    zmayer@mayerllp.com
    Sara Krumholz
    State Bar No. 24060579
    skrumholz@mayerllp.com

**ATTORNEYS FOR DEFENDANT**
**BIG LOTS STORES, INC.**



A CERTIFIED COPY
ATTEST: 05/13/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Emma Munoz

## **CERTIFICATE OF SERVICE**

      This is to certify that on the 13th day of May 2021, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

*Via E-File*
ROBERT HASLAM
State Bar No. 09201900
The Haslam Firm
555 South Summit Avenue
Fort Worth, Texas 76104
817-332-3115 Telephone
817-332-3148 Facsimile
robert@hg555.com
carrie@hg555.com
*Attorney for Plaintiffs*

                                    */s/ Zach T. Mayer*
                                    Zach T. Mayer